25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edwin Lee MORAN, Petitioner-Appellant,
v.
George WILSON, Warden, Respondent-Appellee.
 No. 93-6377.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Edwin Lee Moran, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March of 1987, Moran was convicted by a jury of twelve counts of criminal possession of a forged instrument, one count of theft over $100, and of being a first degree persistent felony offender under Kentucky state law. Moran received a sentence of 11 years in prison. The Kentucky state courts affirmed his convictions on appeal. Thereafter, Moran filed a motion with the trial court pursuant to Ky.R.Civ.P. 11.42, on the basis that he received ineffective assistance of trial counsel. The trial court denied his motion, and the Kentucky Court of Appeals affirmed that ruling. Moran did not file a motion for discretionary review of this decision with the state supreme court.
 
 
 4
 On September 6, 1992, Moran filed this petition for a writ of habeas corpus in federal court, raising the following claims: 1) he is being held unlawfully because the evidence was insufficient to sustain the convictions on counts 3, 5-7, 14-17, and 21-23 of the indictment; 2) he was denied due process of law by the trial court's failure to sever the theft charge (count 8) from the other charges; 3) he was denied a fair trial when the prosecutor commented that a defense witness had committed perjury; 4) he was denied a fair trial and due process when the trial court erroneously advised the jury as to the nature of his prior convictions; 5) he was denied effective assistance of counsel when trial counsel failed to attack the validity of the prior convictions utilized by the Commonwealth to establish Persistent Felony Offender First Degree; and 6) he was denied effective assistance of counsel and due process of law when trial counsel failed to object to the jury instructions on accomplice liability.
 
 
 5
 The matter was referred to a magistrate judge, who addressed the merits of the claims and recommended that the petition should be denied. The district court reviewed this report and recommendation and the objections filed by Moran and denied the petition. On appeal, Moran repeats the issues he raised in his petition in district court, with the exception of his claim enumerated as four, above, which he has expressly abandoned.
 
 
 6
 A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Williams v. Withrow, 944 F.2d 284, 288 (6th Cir.1991), aff'd in part and rev'd in part, 113 S.Ct. 1745 (1993). Fundamental fairness has been defined very narrowly. Dowling v. United States, 493 U.S. 342, 352 (1990). Despite de novo review of the petition, this court must give complete deference to evidence-supported state court findings and render a clearly erroneous review of any findings of fact made by the district court. Williams, 944 F.2d at 288; McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989). Upon review, this court concludes that, for the reasons stated in the district court's thorough opinion and order, Moran's arguments do not support habeas relief.
 
 
 7
 Accordingly, the district court's order denying Moran's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation